UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Darnell Peter Halton, Jr.,** | ) | CASE NO. 1:25 CV 1616 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| **Michael O'Malley, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Darnell Peter Halton, Jr. filed this action against Cuyahoga County Prosecutor Michael C. O'Malley, Assistant Prosecutor Steven Szelagiewicz, Common Pleas Court Judge Cassandra Collier-Williams, Clerk of Courts Nailah K. Byrd, Grand Jury Foreperson Ann McFarland, and the State of Ohio. His Complaint is peppered with meaningless sovereign citizen type rhetoric making it difficult to comprehend. It appears that he is challenging one or more criminal cases pending against him in the Cuyahoga County Court of Common Pleas. He asks this Court to declare the state court criminal proceedings to be void and enjoin the Defendants from continuing with his prosecution.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

1

**BACKGROUND**

Plaintiff was indicted by the Cuyahoga County Grand Jury on June 2, 2022 on charges of rape, gross sexual imposition, sexual battery and endangering children. *State of Ohio v. Halton*, No. CR-22-671055-A (Cuyahoga Cty Comm. Pl. Ct. Mar. 6, 2025)("Halton I"). He did not appear for his arraignment scheduled for June 22, 2022, June 29, 2022, and July 6, 2022. Judge Cassandra Collier-Williams issued a capias. Plaintiff was arrested in March 2024, and was arraigned March 15, 2024. He was released on bond. The trial was set for August 5, 2024; however, he did not appear for trial. Judge Collier-Williams issued another capias for his arrest.

Plaintiff was re-indicted on the same charges on June 27, 2024. *State of Ohio v. Halton*, No. CR-24-693071-A (Cuyahoga Cty Comm. Pl. Ct. indict filed June 27, 2024)("Halton II"). He was still at-large and Judge Collier-Williams issued another capias.

Plaintiff was arrested on February 22, 2025. He was indicted on March 4, 2025 on charges of failure to comply with the order or signal of a police officer, obstructing official business, and driving under the influence of alcohol or drugs. *State of Ohio v. Halton*, No. CR-25-699822-A (Cuyahoga Cty Comm. Pl. Ct. indict. Mar. 4, 2025)("Halton III").

Because Plaintiff was in custody, he was arraigned on March 5, 2025 in Halton II. On March 6, 2025, the State of Ohio dismissed Halton I to proceed with the reindictment in Halton II. He was arraigned in Halton III on March 7, 2025. Plaintiff was released on bond.

Plaintiff chose to represent himself in Halton II and Halton III. Trial was set for August 4, 2025 in both cases. Plaintiff, however, failed to appear for trial. Judge Collier-

2

Williams issued a capias for his arrest on August 5, 2025. Plaintiff remains at-large. The cases are still pending.

Plaintiff filed this action on the day he was supposed to appear for trial, August 4, 2025, asking this Court to declare the criminal proceedings to be void and enjoin them from continuing. He contends that "no verified Complaint by an injured party has been submitted to initiate proceedings against Plaintiff." (Doc. No. 1 at PageID #: 2). He states that his "unrebutted Affidavit of Truth and Status stands as truth in commerce under UCC 1-308." (Doc. No. 1 at PageID #: 2). He states that the "presiding court failed to show proof of Article III judicial authority, operating instead under legislative jurisdiction." (Doc. No. 1 at PageID #: 2). He states that the court failed to give notice of the nature and cause of the proceedings. (Doc. No. 1 at PageID #: 2). He contends they refused to rule on his motions to dismiss "due to jurisdictional standings, lack of scientific proof and evidence of an injured party and is attempting to move forward with a trial based on pure hearsay." (Doc. No. 1 at PageID #: 2-3). He contends there were time stamp inconsistencies between Halton I and Halton II. He states that the State's filings are procedurally defective because they lack an oath, notarization, and evidentiary support. He claims he was misidentified as a legal fiction without standing. Finally, he contends a certificate of service was incomplete and lacked "lawful service upon the living man." (Doc. No. 1 at PageID #: 3). He asserts claims under the Fifth, Sixth, and Fourteenth Amendments. He also asserts "misidentification and fraud

3

on the court," "Violation of the Federal Rules of Civil Procedure and Evidence." and "failure to rebut sworn affidavit stands as tacit agreement and default." (Doc. No. 1 at PageID #: 3).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

4

**DISCUSSION**

As an initial matter, Plaintiff's entire Complaint is composed of meaningless, frivolous rhetoric. This Court has no jurisdiction for fictitious claims which are not based in law and are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See Est. of Gardner v. Google, Inc.*, No. 3:25-CV-129-RGJ, 2025 WL 1656661, at *6 (W.D. Ky. June 11, 2025)(Complaints espousing sovereign citizen type jargon should be dismissed *sua sponte* for lack of jurisdiction with minimal discussion); *Burnett v. Michigan*, No. 1:24-CV-55, 2024 WL 3721741 (W.D. Mich. June 18, 2024)(dismissing for lack of subject matter jurisdiction claims based on meaningless sovereign citizen type rhetoric); *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305 (E.D. Tenn. June 28, 2019)(finding that "plaintiff's convoluted jurisdictional objections echo 'shop worn' and 'patently frivolous' sovereign citizen tropes that have long been summarily rejected").

Furthermore, even if Plaintiff had asserted claims with an arguable basis in law, this Court cannot interfere with pending state court criminal proceedings. When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County*

5

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The two criminal cases in the Cuyahoga County Common Pleas Court are still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45.

The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceedings. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. Plaintiff has an opportunity to present his arguments at trial and in other documents filed in the proper court, but he has refused to participate in the proceedings. He will have another opportunity to assert his claims on appeal if he is convicted. The requirements of *Younger* are met.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                 s/*Pamela A. Barker*
                                                 PAMELA A. BARKER
Date: October 21, 2025                  U. S. DISTRICT JUDGE